IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELWOOD G. HALL,<br><br>Defendant. | CR 90-24-BLG-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Elwood G. Hall (Hall) has been accused of violating the conditions of his supervised release. Hall has admitted all of the alleged violations. Hall's supervised release should be revoked. Hall should be placed in custody for 9 months, with 36 months of supervised release to follow. The Court should consider an early termination of Hall's supervised release if he successfully completes sex offender treatment while on supervised release.

## II. Status

Hall pleaded guilty to escape in 1990. The Court sentenced Hall to 30 months of custody, followed by 60 months of supervised release on June 20, 1990. (Doc. 56 in Cause CV 90-17-GF-BMM). The Court ordered that the 30–month sentence run concurrent with Hall's sentence in Cause CV 90-17-GF-BMM. *Id.*

Hall's current term of supervised release began on June 1, 2018.  (Doc. 33 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Hall's supervised release on September 18, 2018.  (Doc. 33).  The Petition alleges that Hall violated the conditions of his supervised release: 1) by using methamphetamine; 2) by failing to complete sex offender treatment; and 3) by consuming alcohol.  (Doc. 33 at 2-3).  United States District Judge Brian Morris issued a warrant for Hall's arrest on September 18, 2018.  (Doc. 34).

**Initial appearance**

Hall appeared before the undersigned for his initial appearance on     October 9, 2018.  Hall was represented by Rachel Julagay, Esq.  Hall stated that he had read the petition and that he understood the allegations.  Hall waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause CR 90-17-GF-BMM on October 23, 2018.  Hall admitted that he had violated the conditions of his supervised release by using methamphetamine, by failing to complete sex offender treatment, and by consuming alcohol.  The violations are

serious and warrant revocation of Hall's supervised release.

Hall's violation is a Grade C violation.  Hall's criminal history category is IV.  Hall's underlying offense is a Class B felony.  Hall could be incarcerated for up to 24 months.  He could be ordered to remain on supervised release for up to 45 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 6 to 12 months in this case and in Cause CR 90-17-GF-BMM.

Hall requested a term of custody within the applicable guideline range, with no supervised release to follow.  The government requested a sentence within the guideline range.

### III.  Analysis

Hall's supervised release should be revoked.  Hall should be incarcerated for 9 months, with 36 months of supervised release to follow.  The supervised release conditions imposed previously should be continued.  The Court should consider an early termination of Hall's supervised release if he successfully completes sex offender treatment while on supervised release.  This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Hall that the above sentence would be recommended to Judge Morris. The Court also informed Hall of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Hall that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Elwood G. Hall violated the conditions of his supervised release by using methamphetamine, by failing to complete sex offender treatment, and by consuming alcohol.

The Court **RECOMMENDS:**

> The District Court should revoke Hall's supervised release and commit Hall to the custody of the United States Bureau of Prisons for a term of imprisonment of 9 months, with a 36 months of supervised release to follow. The Court should consider an early termination of Hall's supervised release if he successfully completes sex offender treatment while on supervised release. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 90-17-GF-BMM.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to

which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 25th day of October, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge