FILED

AUG 14 2019

Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ELWOOD G. HALL, <br><br> Defendant. | CR 90-24-BLG-BMM-JTJ <br><br> **FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Elwood G. Hall (Hall) has been accused of violating the conditions of his supervised release. Hall admitted all of the alleged violations, except one. Hall's supervised release should be revoked. Hall should be placed in custody for 6 months, with 30 months of supervised release to follow. The Court should consider an early termination of Hall's supervised release if he successfully completes his sex offender treatment program while on supervised release.

## II. Status

Hall pleaded guilty to escape in 1990. The Court sentenced Hall to 30 months of custody, followed by 60 months of supervised release on June 20, 1990. (Doc. 56 in Cause CV 90-17-GF-BMM). The Court ordered that the sentence run

concurrent with Hall's sentence in Cause CV 90-17-GF-BMM. *Id.* Hall's current term of supervised release began on June 18, 2019. (Doc. 47 at 2).

**Petition**

The United States Probation Office filed a Petition on August 7, 2019, requesting that the Court revoke Hall's supervised release. (Doc. 47). The Petition alleges that Hall violated the conditions of his supervised release: 1) by using methamphetamine on two separate occasions; 2) by consuming alcohol; 3) by failing to report for substance abuse testing; 4) by failing to notify his probation officer of a change in residence; and 5) by failing to report for substance abuse treatment. (Doc. 47 at 2-3). United States District Judge Brian Morris issued a warrant for Hall's arrest on August 9, 2019. (Doc. 47).

**Initial appearance**

Hall appeared before the undersigned for his initial appearance on August 13, 2019. Hall was represented by counsel. Hall stated that he had read the petition and that he understood the allegations. Hall waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause

CR 90-17-GF-BMM on August 13, 2019. Hall admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine on two separate occasions; 2) by consuming alcohol; 3) by failing to report for substance abuse testing; and 4) by failing to report for substance abuse treatment. The government did not attempt to prove alleged violation 5. The violations that Hall admitted are serious and warrant revocation of Hall's supervised release.

Hall's violations are Grade C violations. Hall's criminal history category is IV. Hall's underlying offense is a Class B felony. Hall could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Hall's supervised release should be revoked. Hall should be incarcerated for 6 months, with 30 months of supervised release to follow. The Court should consider an early termination of Hall's supervised release if he successfully completes his sex offender treatment program while on supervised release. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Hall that the above sentence would be recommended to

Judge Morris. The Court also informed Hall of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Hall that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Elwood G. Hall violated the conditions of his supervised release by using methamphetamine, by consuming alcohol, by failing to report for substance abuse testing, and by failing to report for substance abuse treatment.

The Court **RECOMMENDS:**

> That the District Court should revoke Hall's supervised release and commit Hall to the custody of the United States Bureau of Prisons for 6 months, with 30 months of supervised release to follow. The Court should consider an early termination of Hall's supervised release if he successfully completes his sex offender treatment program while on supervised release. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 90-17-GF-BMM.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to

which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 14th day of August, 2019.

John Johnston
United States Magistrate Judge